IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**AARON MONROE,**

      Movant,

v.

**Case No. 3:10-cv-00866**
**(Criminal No. 3:08-00203-01)**

**UNITED STATES OF AMERICA,**

      Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner Aaron Monroe's ("Petitioner") motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, (ECF No. 51), the Proposed Findings and Recommendations of the Magistrate Judge, and Petitioner's objections thereto. For the reasons stated below, the Magistrate Judge's Proposed Findings and Recommendations are **ADOPTED**, Petitioner's objections are **DENIED**, and Petitioner's motion is **DISMISSED**.

**I. Background and Procedural History**

On September 24, 2008, Petitioner was indicted by a federal grand jury on five counts, including four counts of distributing a quantity of cocaine in violation of 21 U.S.C. § 841(a)(1), and a fifth count of carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). CJA Attorney Gregory J. Campbell ("Campbell") was appointed to represent Petitioner on these charges. On December 9, 2008, Petitioner entered into a written plea agreement with the United States in which he agreed to plead guilty to the fourth and fifth counts of the indictment, both of which arose from his arrest by the Milton Police on January 24, 2007. In exchange, the United States agreed to dismiss the remaining three counts. The Plea agreement

contained a stipulation of facts which included a stipulation that, in addition to the 7.9 grams found by the Milton Police during the January 24 arrest, Petitioner had distributed 123 grams of cocaine on other occasions from approximately January 2006 through January 2007. On June 29, 2009, this Court sentenced Petitioner to 12 months imprisonment on count four and a 60 month mandatory consecutive sentence on count five, for a total sentence of 72 months.

On June 25, 2010, Petitioner filed a motion collaterally attacking his conviction under 28 U.S.C. § 2255 and alleging that his counsel (1) was ineffective because he failed to conduct a reasonable pre-trial investigation or to develop a defense strategy; (2) was ineffective during the plea discussion phase of the case; (3) was ineffective during the sentencing phase of the case; and (4) was ineffective in his failure to file a timely notice of appeal. Magistrate Judge Cheryl Eifert submitted proposed findings and recommendations as to each ground on November 4, 2011, recommending complete dismissal of Petitioner's motion. On November 16, 2011, Petitioner filed a general objection to the Magistrate's proposed findings and recommendations. Additionally, Petitioner protests that he is entitled to the statutory safety valve available to criminal defendants who provide substantial assistance in the investigation or prosecution of another person, 18 U.S.C. § 3553(e), and that he is ineligible for the Residential Drug Abuse Program ("RDAP").

**II. Discussion**

This Court's review of the Magistrate Judge's Proposed Findings and Recommendations to which Petitioner objects is *de novo*. 28 U.S.C. § 636(b)(1). 28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without

> jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Petitioner is "[a] prisoner in custody under sentence of a court established by Act of Congress" who claims that his sentence was imposed in violation of the Constitution. *Id.* To the extent that Petitioner seeks relief for any claims based on *non*-constitutional grounds, he must establish an error that amounted to a "fundamental defect which inherently result[ed] in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962).

Petitioner objects to the Magistrate Judge's findings with respect to his claims of ineffective assistance of counsel, which are governed by the standard established by *Strickland v. Washington*, 466 U.S. 668 (1984), and raised two additional non-constitutional objections to his sentence.

The Sixth Amendment guarantees that in "all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. If an attorney's performance falls below a certain minimum level of professional competence, it may violate an accused's right to effective representation. *See Strickland*, 466 U.S. at 685.

The Supreme Court continues to endorse the familiar two-part *Strickland* test for determining when an attorney's performance violates an individual's Sixth Amendment right to effective representation. *See id.* at 687. The first prong of *Strickland* requires the petitioner to show that his attorney committed an error that fell below a reasonable standard for professional competence. *See id.* The reasonableness standard is an objective inquiry, which contemplates a wide range of acceptable and professional representation. *See id.* at 689. The second prong of the test requires the

petitioner to show that, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In all cases, however, "[j]udicial scrutiny of counsel's performance must be highly deferential" and courts must try to avoid retrospectively critical evaluations of counsel's decisions. *Id.* at 689.

### A. Conduct

In determining whether counsel's performance was deficient under the first prong of the *Strickland* test, the petitioner must show that counsel's performance fell below an objective standard of reasonableness when considering all of the circumstances involved. *Id.* at 689. The court must avoid reevaluating strategic decisions, even if they were unsuccessful in retrospect. *Id.* The effects of hindsight, to be sure, can distort the value of a decision that may have seemed rational, and even compelling, at the time it was made. *See id.* In the context of a guilty plea, a movant who alleges ineffective assistance of counsel carries a heavy burden. *Hill v. Lockhart*, 474 U.S. 52, 53 (1985). This is because statements made during a hearing to accept a guilty plea are afforded a strong presumption of validity and subsequent attacks that contradict these statements may generally be dismissed as frivolous. *United States v. Lemaster*, 403 F.3d 216 (4th Cir. 2005). The Fourth Circuit Court of Appeals has explained that "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colluquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *United States v. Lemaster*, 403 F.3d at 221-22.

Petitioner complains that Campbell failed "to contact known government witnesses to ascertain the substance and quality of their testimony" and failed to investigate the existence of "other witness leads" which Petitioner claims "would have provided materially exculpatory

-4-

testimony to use at trial to bolster Counsel's plea negotiation leverage." ECF No. 52, at 17. However, this Court specifically inquired at the plea hearing as to Petitioner's satisfaction with the performance of counsel. At that hearing, Petitioner acknowledged that he was satisfied with Mr. Campbell's services and that he had been given sufficient time to discuss his case with Campbell and to have his questions fully answered. ECF No. 72, at 5. Petitioner also testified that he had reviewed each paragraph of the plea agreement with counsel and wished for the Court to accept the agreement. *Id*. at 10-11. To the extent that Petitioner's § 2255 motion necessarily relies on statements that contradict Petitioner's sworn testimony, the Court finds them not credible. Assuming arguendo that the petition does not contradict his sworn testimony, Petitioner has not presented evidence suggesting that Campbell's performance fell below the objective reasonableness standard set forth in *Strickland*. On the contrary, the Court reiterates that the Petitioner's sentence would likely have been closer to the 60-month mandatory minimum but for the fact that Petitioner absconded from this district after his plea and before sentencing, resulting in an enhancement for obstruction of justice and loss of the reduction for acceptance of responsibility. ECF No. 70, 3-8. Accordingly, the Court **FINDS** that Campbell's conduct did not fall below an objective standard of reasonableness.

### B. Prejudice

Petitioner does not assert his innocence or suggest that more investigation would have caused him to go to trial rather than to plead guilty. He only asserts that more investigation would have given him a better position in plea bargaining negotiations. This position is simply inadequate to sustain a § 2255 motion based on ineffective assistance of counsel. In the context of a guilty plea, *Strickland* requires Petitioner to show that "there is a reasonable probability that, but for counsel's

-5-

errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58. For this reason the Court **FINDS** that Petitioner has failed to show that he was prejudiced by any alleged error on the part of his counsel.

### C. Non-Constitutional Objections

Petitioner's objections to his sentence based on the application of the mandatory minimum and the RDAP are non-constitutional in nature and therefore require him to establish an error that amounted to a "fundamental defect which inherently result[ed] in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962). Reviewing Petitioner's objections and the record in this case, the Court finds no error whatsoever, let alone any error so serious as to justify vacating or correcting Petitioner's sentence.

With regard to the application of the statutory safety valve, the Court in this case had no authority to depart below the mandatory minimum. Through a substantial assistance motion, the Government requested a downward departure but specifically did not request a departure below the mandatory minimum. Pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, under these circumstances the Court does not have the authority to depart below the mandatory minimum. *See Melendez v. United States*, 518 U.S. 120 (1996). While the Court understands Petitioner's desire to participate in the RDAP, the eligibility for this program is determined by the Bureau of Prisons, not by the Court. 18 U.S.C. § 3621.

### D. Disposition and Certificate of Appealability

Upon a thorough review of the record, the Court finds Petitioner's objections to the Magistrate's Proposed Findings and Recommendations to be without merit. The Court fully

**ADOPTS** the Proposed Findings and Recommendations and **DENIES** Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody, filed on June 25, 2010 (ECF No. 51). The court additionally has considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

**III. Conclusion**

For the reasons discussed above, the Magistrate Judge's Proposed Findings and Recommendations are **ADOPTED**, Petitioner's objection is **DENIED**, and Petitioner's Motion is **DISMISSED**. The Court further **DENIES** a certificate of appealability in this matter.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: January 12, 2012

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE